The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MBL/TONI&GUY PRODUCTS, L.P. and TONI&GUY HAIRDRESSING ACADEMY FRANCHISE, LP,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL KENNARD, BETTY STOCK KENNARD; and TONI & GUY HAIRDRESSING ACADEMY, INC.,<br><br>Defendants. | No. CV9-501MJP<br><br>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>NOTE ON MOTION CALENDAR: MAY 8, 2009<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiffs MBL/TONI&GUY Products, L.P. ("TONI&GUY Products") and TONI&GUY Hairdressing Academy Franchise, LP ("TONI&GUY LP") (collectively, "TONI&GUY") submit this Motion for Preliminary Injunction to enjoin and restrain Michael Kennard, Betty Stock Kennard, and Toni & Guy Hairdressing Academy, Inc. (collectively, "Defendants") from their infringement of TONI&GUY's valuable trademarks and service marks.[1]

---

[1] All undefined, capitalized terms used in this Motion have the same meaning as the term is defined in Plaintiffs' Verified Complaint (Docket No. 1).

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 1

No. CV9-501MJP

M40326-1187618_2

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

## I.   INTRODUCTION

TONI&GUY is a leader in the hairdressing industry.  TONI&GUY has salons and academies around the world, which provide top-of-the-line hairdressing services and products to clients as well as education and training to those who desire a career in hairdressing. TONI&GUY has dedicated substantial time, skill, effort, and money to creating and maintaining its brand.  Hairdressing professionals, consumers, students, and the general public recognize the distinct services associated with TONI&GUY.

Recently, TONI&GUY learned that Defendants are unlawfully using TONI&GUY's trademarks and service marks in Bellingham, Washington.  Defendants have registered with the State of Washington and City of Bellingham to operate as "Toni & Guy Hairdressing Academy." Defendants have a leased space and obtained a telephone listing in the Whatcom County Yellow Pages for "Toni & Guy Hairdressing Academy" at 203 W. Holly Street, Suite 206, Bellingham, Washington (the "Infringing Location").  Upon information and belief, Defendants are not operating an academy at this Infringing Location.  Defendants operate a competing beauty school in Bellingham, Washington.  Defendants do not attend to the Infringing Location or the telephone number listed in the Whatcom County Yellow Pages.  ***Defendants are unlawfully using the Marks intentionally and deliberately to harm TONI&GUY's trademarks, goodwill, and reputation and to divert customers from the authorized TONI&GUY Hairdressing Academy in Bellingham, Washington***.  Despite TONI&GUY's notice of infringement and demand to Defendants to cease using the Marks, Defendants continue to infringe the Marks.  Unless this Court issues injunctive relief to enjoin the severe and irreparable harm to TONI&GUY, Defendants will continue to harm TONI&GUY, its marks, TONI&GUY LP's Business Operating System, and TONI&GUY's goodwill and reputation.

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 2

No. CV9-501MJP
M40326-1187618_2

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

## II.   STATEMENT OF FACTS

**A.   TONI&GUY.**

TONI&GUY is one of the most powerful hairdressing brands in the world.  *See* Verified Complaint at 2, ¶ 8.  The TONI&GUY® trademark was founded and first used in 1963.  From a single unit in suburban London, TONI&GUY has grown to a multinational company comprised of (i) hairdressing salons, (ii) educational academies, and (iii) hair care, cosmetics, and skincare accessories and products[2] throughout the world.  *Id*.

With over 200 salons worldwide (including 61 salons in the United States and Canada), TONI&GUY offers stylists an opportunity for advancement through educational programs focused on both artistry and business.  *Id*. at 3, ¶ 9.  The salon division of TONI&GUY operates nationally with company-owned and partnership units.  The salons are generally located in regional malls, which offer a steady source of clients, while creating an environment that supports career longevity and quality for the stylists.  *Id*.

The second component of TONI&GUY's business structure is its cosmetology schools, which assist TONI&GUY in recruiting and retaining quality stylists.  *Id*. at 3, ¶ 10.  TONI&GUY Hairdressing Academies train beginner and advanced stylists, in which new stylists have a dependable resource and advanced stylists and chemical technicians can strive to reach the top of their profession.  *Id*.  In the United States, there are nine (9) TONI&GUY® Hairdressing Academies, including one in Bellingham, Washington.  For over forty years, TONI&GUY has remained at the forefront of the hairdressing industry, with the goal to upgrade the 'professional hairdresser.'  *Id*., ¶ 11.

Under a service mark license agreement, non-party TONI&GUY (USA) Limited ("TONI&GUY Ltd.") granted non-party TONI&GUY Hairdressing Academy, LP ("TGHA") a non-exclusive license to use and sublicense certain trademarks in the United States.  *Id*., ¶ 12.

---

[2] TONI&GUY markets and sells its hair care and cosmetic accessories, BED HEAD, through the product line entity, TIGI®.

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 3

No. CV9-501MJP
M40326-1187618_2

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

Subsequently, TGHA granted TONI&GUY LP a non-exclusive sublicense to use and sublicense certain trademarks in the United States in connection with beauty, hairdressing and cosmetology schools that are operated by its franchisees. *Id*. Effective as of April 1, 2009, TONI&GUY Ltd. sold, assigned, transferred, and set over to TONI&GUY Products all its right, title and interest in and to certain trademarks. *Id*. at 3-4, ¶ 12.

TONI&GUY Products (through previous owner TONI&GUY Ltd.) has registered the following well-known and famous trademarks and service marks on the Principal Register of the United States Patent and Trademark Office:

| Mark | Serial/ Registration No. | Application/ Registration Date | Status |
|---|---|---|---|
| TONI&GUY | 1,525,304 | Feb. 21, 1989 | Registered |
| TONI&GUY HAIRDRESSING | 3,236,350 | May 1, 2007 | Registered |
| TONI&GUY HAIRDRESSING ACADEMY | 3,486,906 | Aug. 19, 2008 | Registered |

The foregoing trademarks and service marks will collectively be referred to as the "Marks." *Id*. at 4, ¶ 13. True and correct copies of the Marks' registration certificates are attached to the Complaint as Exhibit "B." *Id*. The Marks are used for instructional purposes, hairdressing and beauty salon services, and for educational services, namely providing courses and seminars for persons engaged in the operation of hairdressing and beauty salons. *Id*.

TONI&GUY LP is a franchisor that offers franchises for the operation of TONI&GUY® Hairdressing Academies throughout the United States. *Id*., ¶ 14. Through franchise agreements, TONI&GUY LP grants rights to franchisees to construct or convert, own and operate a TONI&GUY® Hairdressing Academy at a designated site for an initial term of ten (10) years. *Id*. Such franchisees are allowed to use TONI&GUY LP's business methods, designs, arrangements and standards for developing and operating TONI&GUY® Hairdressing Academies (the "Business Operating System"). *Id*. at 4-5, ¶ 14. In addition, the franchisees are

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 4

No. CV9-501MJP
M40326-1187618_2

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1  allowed to use (i) the TONI&GUY service mark and logo, (ii) the TONI&GUY trade name, (iii)
2  the elements and components of a TONI&GUY Hairdressing Academy's Trade Dress, and (iv)
3  any and all additional, different or replacement trade names, trademarks, service marks, logos
4  and slogans that TONI&GUY LP adopts to identify its Business Operating System.  *Id*.

5  TONI&GUY has continuously used each of the Marks since the date of their registration
6  and these Marks are in full force and effect pursuant to 15 U.S.C. § 1065, in connection with the
7  unique services offered at its salons and academies.  *Id*. at 5, ¶ 15.  TONI&GUY has given notice
8  to the public of the registration of the Marks as provided in 15 U.S.C. § 1111.  *Id*., ¶ 16.
9  TONI&GUY also has the following registered domain names, which promote the company's
10 business throughout the United States:  www.toniguy.com and www.toniguyacademy.com.  *Id*.,
11 ¶ 17.  TONI&GUY has invested substantial time, skill, effort and money to develop the
12 TONI&GUY brand and goodwill in its trade names, trademarks, and service marks, which cause
13 consumers throughout the United States (and internationally) to recognize the Marks as distinctly
14 designating TONI&GUY services and products as originating with TONI&GUY.  *Id*., ¶ 18.  The
15 value of the goodwill developed in the Marks does not lend itself to a precise monetary
16 calculation, but because (i) the TONI&GUY® trademark and salons are nationally and
17 internationally recognized, and (ii) TONI&GUY LP has a national franchise system and is widely
18 known as a provider of quality hairdressing academies, the value of TONI&GUY's goodwill is
19 substantial.  *Id*., ¶ 19.  In addition, locations operated by TONI&GUY and its affiliates, including
20 TONI&GUY LP's franchisees, have inside and outside signage using one or more of the Marks.
21 *Id*. at 6, ¶ 20.  TONI&GUY has produced a significant number of brochures and other print,
22 radio, and television advertisements bearing one or more of the Marks.  TONI&GUY has
23 distributed these advertisements throughout the United States and internationally.  *Id*., ¶ 21.

24 **B.    The Kennards and Toni & Guy Hairdressing Academy, Inc.**

25 Upon information and belief, the Kennards are the owners and operators of Bellingham
26 Beauty School in Bellingham, Washington.  *Id*. at 6, ¶ 22.  The Bellingham Beauty School is

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 5

No. CV9-501MJP
M40326-1187618_2

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

located at 4192 Meridian Street, Bellingham, Washington. *Id*. Upon information and belief, the Bellingham Beauty School provides orientation, basic training, clinics, and test preparation for individuals seeking to obtain his or her cosmetology license from the State of Washington. *Id*. More information regarding the Bellingham Beauty School may be found at www.bellinghambeautyschool.edu. *Id*. More information regarding the Kennards can be found on this same website under the "Faculty" tab. *Id*.

Upon information and belief, TONI&GUY's now-current franchisee in Bellingham, Washington, who operates a TONI&GUY® Hairdressing Academy (the "Bellingham Franchisee"), approached the Kennards in 2007 regarding the purchase of the Bellingham Beauty School. *Id*., ¶ 23. Upon information and belief, the Bellingham Franchisee informed the Kennards that he would be opening a TONI&GUY® Hairdressing Academy in Bellingham. *Id*. Upon information and belief, although the Kennards provided the Bellingham Franchisee with information and financials regarding the Bellingham Beauty School, the parties did not consummate a sale. *Id*.

In March 2009, TONI&GUY learned that the Kennards are also the owners of an entity called "Toni & Guy Hairdressing Academy, Inc." *Id*. at 7, ¶ 24. TONI&GUY has since discovered additional information regarding Defendants, which has caused TONI&GUY to experience substantial harm and disruption to its franchise system. *Id*.

Under the Corporations Division of the State of Washington Secretary of State, Toni & Guy Hairdressing Academy, Inc. is an active, for-profit corporation. *Id*., ¶ 25; Declaration of Jeffrey Walker in Support of Plaintiffs' Motion for Preliminary Injunction ("Walker Dec."), Exhibit 10. Toni & Guy Hairdressing Academy, Inc. was incorporated on November 6, 2007— just a few months **AFTER** the Bellingham Franchisee informed the Kennards that his TONI&GUY® Hairdressing Academy would be opening in Bellingham. Verified Complaint at ¶ 25; Walker Dec., Exhibit 10. Toni & Guy Hairdressing Academy, Inc. is set to expire on November 30, 2009. Verified Complaint at ¶ 25. Michael Kennard is Toni & Guy Hairdressing

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 6

No. CV9-501MJP

M40326-1187618_2

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

Academy, Inc.'s registered agent. *Id*. A true and correct copy of the Registration Detail for Toni & Guy Hairdressing Academy, Inc. from the Washington Secretary of State is attached to the Complaint as Exhibit "C."

In addition, Toni & Guy Hairdressing Academy, Inc. has filed (and obtained) its business registration with the City of Bellingham. *Id*., ¶ 26. Toni & Guy Hairdressing Academy, Inc. operates under the business name "Toni & Guy Hairdressing Academy." *Id*. Toni & Guy Hairdressing Academy, Inc.'s business location is 203 W. Holly St. #206, Bellingham, Washington 98225 (the "Infringing Location"). *Id*. A true and correct copy of the Bellingham Business Registration is attached to the Complaint as Exhibit "D." Toni & Guy Hairdressing Academy, Inc.'s business license has also been disclosed to the public through the Internet. *Id*. The issuance of Toni & Guy Hairdressing Academy, Inc.'s business license can be found at http://www.thebellinghambusinessjournal.com/september2008/businessLicenses.php. *Id*.

Toni & Guy Hairdressing Academy, Inc. has also registered (and obtained) its Washington State Business License from the Department of Licensing. *Id*., ¶ 27. In addition to listing its mailing address as the Kennard's home address, Toni & Guy Hairdressing Academy, Inc. has registered twenty (20) trade names, including trade names starting with "TIGI" (i.e., TONI&GUY's product line, *see* Footnote 2 above) and "BEAUTYWERKS" and "BEAUTYWORKS" (i.e., upon information and belief, the Kennard's registered trade name for sole proprietorships operated by the Kennards). *Id*. at 7-8, ¶ 27; Walker Dec., Exhibit 11. True and correct copies of the License Detail from Washington State's Department of Licensing for Toni & Guy Hairdressing Academy, Inc. and the Kennards' sole proprietorships are attached to the Complaint as Exhibit "E."

Toni & Guy Hairdressing Academy, Inc. has also obtained a listing in the Whatcom County Yellow Pages under the name "Toni & Guy Hairdressing Academy," located at "203 W. Holly St APT 206." *Id*., ¶ 28. A true and correct copy of the Yellow Pages listing is attached to the Complaint as Exhibit "F." When the telephone number listed in the Yellow Pages is called,

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 7

No. CV9-501MJP

M40326-1187618_2

no one answers. *Id*. After a few rings, the operator intercepts the call and states that the voice mail has not been set up yet. *Id*.; Walker Dec. at ¶ 8. Therefore, all consumers who call Toni & Guy Hairdressing Academy, Inc., under the mistaken belief that they are calling TONI&GUY, are directed to a dead end, resulting in substantial and irreparable harm to TONI&GUY. Verified Complaint at ¶ 28.

Defendants have NO authority from TONI&GUY to use the Marks in connection with the operation of Toni & Guy Hairdressing Academy, Inc. or otherwise. *Id*. at 8, ¶ 29. Interestingly, upon information and belief, Defendants do not operate a beauty school or hairdressing academy from the Infringing Location. *Id*., ¶ 30; *see also* Walker Dec., Exhibit 8. Despite the unlawful advertisements, business registrations, and representations to the public, the Infringing Location is a shared office space in which the doors to the office suite regularly remained locked. Verified Complaint at ¶ 30. Therefore, any consumer who visits the Infringing Location, under the mistaken belief that it is related to TONI&GUY, is led to a dead end, again, resulting in substantial and irreparable harm to TONI&GUY. *Id*. at 8-9, ¶ 30. Defendants' actions to divert potential TONI&GUY clients to an unattended telephone line or to a locked business space are intentional, willful, and deliberate. *Id*. at 9, ¶ 31.

**C.    TONI&GUY notified Defendants of their infringement.**

In a letter dated March 5, 2009, TONI&GUY notified Defendants that their use of the Marks in the name "Toni & Guy Hairdressing Academy, Inc." to denote and describe their business and in connection with hairdressing and beauty school services constituted, at a minimum, trademark infringement. *Id*., ¶ 32. TONI&GUY demanded that Defendants immediately cease using the Marks and any other marks confusingly similar to the Marks. *Id*. A true and correct copy of the March 5th cease and desist letter is attached to the Complaint as Exhibit "G."

The Kennards received the letter as early as March 5, 2009 (sent via electronic mail), and no later than March 23, 2009 (a copy of the green card confirming receipt of the certified mailing

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 8

No. CV9-501MJP
M40326-1187618_2

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

is attached to the Complaint as Exhibit "H").  In an April 1, 2009 letter, Defendant Betty Kennard refused to comply with TONI&GUY's cease and desist demands and threatened to take legal action if TONI&GUY chose to pursue the matter further.  *Id*., ¶ 33.

### III.   ARGUMENT & AUTHORITIES

In the Ninth Circuit, to secure a preliminary injunction, TONI&GUY must prove either "(1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in [its] favor." *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985); *see also Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 873 (9th Cir. 2002); *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 612 (9th Cir. 1989). These two alternatives represent extremes of a single continuum rather than two separate tests. *I.N.S.*, 306 F.3d at 873.  Thus, the greater the relative hardship to the moving party, the less probability of success must be shown. *Id.*  As this court has recently noted, "[t]he primary focus of this analysis, however, is on the probability of success on the merits, as irreparable injury is presumed once a plaintiff has established a likelihood of confusion in a trademark case." *Playmakers, LLC v. ESPN, Inc.*, 297 F.Supp.2d 1277, 1280 (W.D. Wash. 2003) (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 n.5 (9th Cir. 2000)); *Int'l. Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 827 (9th Cir. 1993)).  The undisputed facts prove that TONI&GUY is entitled to injunctive relief.

**A.   There is more than a substantial likelihood that TONI&GUY will succeed on the merits of its claims for trademark infringement.**

Defendants have registered and obtained licenses from the State of Washington and City of Bellingham to operate under the business name "Toni & Guy Hairdressing Academy." Despite TONI&GUY's efforts to work with Defendants to obtain their compliance with ceasing to use the Marks, Defendants continue to use the Marks without authorization.  As such, there is more than a substantial likelihood that TONI&GUY will prevail on its claims for trademark

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 9

No. CV9-501MJP
M40326-1187618_2

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

infringement under federal law which prohibits the unauthorized use of registered marks and the intentional passing off of services in an attempt to deceive the public. Defendants' unauthorized use of the Marks, among other things, violates Sections 32 and 43(a) of the Lanham Act, as well as Washington state law prohibiting unfair competition.

*1.     Defendants have violated Section 32 of the Lanham Act.*

To establish a violation of Section 32 of the Act (15 U.S.C. § 1114), TONI&GUY must demonstrate that: (1) the Marks are valid and legally protectable; and (2) Defendants' use of the Marks to identify goods and services is likely to create confusion concerning the origin of the goods or services. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149 (9th Cir. 2002); *Brookfield Communications, Inc.*, 174 F.3d at 1046. As shown below, TONI&GUY can satisfy each element of its claim under Section 32 and is therefore entitled to injunctive relief.

a.     <u>Plaintiffs' Marks are valid and legally protectable.</u>

Each of the Marks at issue, including the marks TONI&GUY®, TONI&GUY Hairdressing®, AND TONI&GUY Hairdressing Academy® are registered on the Principal Register of the United States Patent and Trademark Office. Those registrations are *prima facie* evidence that TONI&GUY has an exclusive right to use the Marks. *See* 15 U.S.C. § 1115(a). Once registration is established, "the analysis for trademark infringement of a registered mark is straight forward, and infringement [is] fairly easy to prove." *Controls Int'l, Inc. v. Kinetrol, Ltd.*, No. 3:97-CV-2504, 1998 WL 158678, at *7 (N.D. Tex. Mar. 25, 1998) (citing *Burger King Corp. v. Mason*, 710 F.2d 1480 (11th Cir. 1983).

b.     <u>Defendants' use is likely to cause confusion.</u>

To assess the likelihood of confusion, courts typically consider a non-exclusive set of factors including: (1) the strength of the senior mark; (2) proximity of the services provided by the parties under their respective marks; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) the type of services and the degree of care likely to be exercised by purchasers; (7) defendant's intent in selecting the mark; and (8) the likelihood of

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 10

No. CV9-501MJP
M40326-1187618_2

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

expansion of the services. *Playmakers*, 297 F.Supp.2d at 1280 (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)). "No single factor is determinative, and the Court need not rigidly apply equal weight to each." *Id.* (citing *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993)).

Here, at least factors 2, 3, 5, and 7 weigh heavily in favor of TONI&GUY. The services provided by the local TONI&GUY franchisee and by the Kennard Defendants (through the Bellingham Beauty School) are identical—instruction in hairdressing and other beauty service training. The marks being used by the Defendants are not only similar—they are **identical** to TONI&GUY's registered marks. Defendants appear to offer, without authorization, to sell TONI&GUY products and to provide TONI&GUY services to hairdressing consumers and students. Defendants use the same marketing channels as TONI&GUY, including the advertisements in the Whatcom County Yellow Pages and the signs at the Infringing Location. Finally, it cannot reasonably be questioned that the Defendants' intent in selecting its marks was to confuse the consuming public and divert them away from the local TONI&GUY authorized franchisee.

Since its acquisition of the Marks, it has been well-known in the industry that hairdressing services from a TONI&GUY salon or academy are affiliated with TONI&GUY. TONI&GUY took steps to ensure that TONI&GUY® was a source-identifier by putting its customers and competitors on notice. However, a customer who calls or visits "Toni & Guy Hairdressing Academy" at the Infringing Location will potentially be confused, if not actually confused, as to the source of Defendants' products and services.

   2.   *Defendants have violated Section 43(a) of the Lanham Act.*

Defendants also have violated, Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), which prohibits a false designation of the origin of goods or services, regardless of whether the misrepresentation involves registered marks. A claimed violation of that section requires a showing that: (1) Defendants have made false or misleading statements as to their own product

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 11

No. CV9-501MJP

M40326-1187618_2

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

or that of another; (2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the trademark infringement has a substantial economic effect upon interstate use by a mark's owner; and (5) there is a likelihood of injury, including declining sales and a loss of goodwill. *Cook Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 244 (9th Cir. 1990).

Defendants have advertised in the Whatcom County Yellow Pages and have made representations on the signage at the Infringing Location using "Toni & Guy Hairdressing Academy." As explained above, this evidence, including their business registrations, show—at minimum—a tendency to deceive a substantial portion, if not all, of the intended audience. Because Defendants do not appear to be operating an actual beauty school from this location, it is only reasonable to conclude that Defendants' primary goal is to divert TONI&GUY consumers from the authorized franchise location and to harm TONI&GUY's goodwill and reputation. This deception is material, considering that consumers and students, whether they contact the Infringing Location by phone or in person, are led to a dead end when trying to obtain information or services from Toni & Guy Hairdressing Academy, under the mistaken belief that it is TONI&GUY. This undoubtedly results in a substantial economic effect for TONI&GUY, including an unascertainable decline in sales and loss of goodwill.

*3.     Defendants have engaged in unfair competition.*

Defendants are likewise liable for acts constituting unfair competition and misappropriation. To prevail on an unfair competition claim under Washington's Consumer Protection Act, TONI&GUY must prove: (1) that Defendants engaged in an unfair or deceptive act or practice; (2) in trade or commerce; (3) which affects the public interests; (4) injury to the plaintiff's business or property; and (5) a causal link between the unfair practice and the injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986); RCW § 19.86.020. Under Washington law, trademark infringement is a form of

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 12

No. CV9-501MJP
M40326-1187618_2

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

unfair competition. *See Nordstrom v. Tampourlos*, 107 Wn.2d 735, 742-43, 733 P.2d 208 (1987) (noting that trademark infringement can be a violation of Washington's Consumer Protection Act because the likelihood of confusion among consumers is sufficient to satisfy the public interest test of the CPA).

TONI&GUY, as shown by the undisputable evidence, has developed its products and the Marks through the expenditure of considerable time, skill, labor, and money. TONI&GUY has not only spent considerable sums developing its products and distribution system over the years, but has also spent considerable money registering and policing the use of its Marks, including by establishing its franchise and distribution system and the stringent rules and regulations that govern it. Defendants unlawfully use the Marks in trade or commerce in competition with TONI&GUY, where Defendants enjoy a special advantage by not having to incur any of the expense that TONI&GUY has incurred in developing and marketing the Marks and its services. Defendants' infringement also affects the public interest, because Defendants continue to deceive and confuse the public as to the origin of their services and products by using the business name "Toni & Guy Hairdressing Academy." The harm that Defendants have caused to TONI&GUY's goodwill and reputation is indeterminable, while undoubtedly substantial.

It is clear harm if TONI&GUY is losing customers based on their mistaken belief that "Toni & Guy Hairdressing Academy, Inc." is TONI&GUY. When those customers get no answer from the telephone number and cannot get information about TONI&GUY at the Infringing Location, that harm is exacerbated by the fact that Defendants provide services at a competing beauty school. In addition, TONI&GUY suffers harm through Defendants' unauthorized use of the Marks, including its advertisement in the Whatcom County Yellow Pages, for a location and telephone number that remain largely unattended. Each of these factors establishes that Defendants will be found liable for unfair competition.

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 13

No. CV9-501MJP

M40326-1187618_2

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

**B.     TONI&GUY will suffer irreparable harm in the absence of injunctive relief.**

Trademark infringement irreparably harms the trademark owner's goodwill and business reputation because of the public's association of its mark with non-identical goods and services. This is because the trademark owner loses control over its goodwill and reputation while its marks are being misused by the infringing party. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003). In the Ninth Circuit, a threat of consumer confusion as to the source or origin based on trademark infringement creates a presumption of irreparable harm. *Vision Sports, Inc.*, 888 F.2d at 612 n.3; *Rodeo Collection, Ltd. V. West Seventh*, 812 F.2d 1215, 1220 (9th Cir. 1987) ("Once the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue.").

If this Court finds that trademark infringement has occurred, TONI&GUY has suffered irreparable harm as a matter of law. *S&R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 378 (3d Cir. 1992) ("[T]rademark infringement amounts to irreparable injury as a matter of law.") (citations omitted). As a factual matter, the confusion to the public created by Defendants' infringement also creates the likely threat of irreparable injury to TONI&GUY. The most obvious type of injury is the confusion caused when a prospective TONI&GUY patron is led to the Infringing Location or is offered services and believes that they are sanctioned by TONI&GUY. That type of consumer confusion is precisely the harm that the Lanham Act and its injunctive remedies are designed to cure.

Moreover, TONI&GUY's harm is particularly and exceptionally severe here in light of TONI&GUY LP's franchise system. Franchisees purchase the right to own and operate TONI&GUY Hairdressing Academies that must be certified to meet TONI&GUY's standards. TONI&GUY franchisees have suffered, and will likely continue to suffer, irreparable harm. An authorized TONI&GUY® Hairdressing Academy is located in Bellingham, Washington. Prospective students attempting to contact the Infringing Location (instead of the authorized

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 14

No. CV9-501MJP
M40326-1187618_2

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

TONI&GUY® Hairdressing Academy in Bellingham, Washington) may never realize that the potentially substandard facilities are, in fact, not affiliated with TONI&GUY. When this happens, not only does TONY&GUY face irreparable harm to its mark, the local franchisee operating under the TONY&GUY mark loses business, affecting its ability to attract future customers. Accordingly, TONI&GUY has shown that it will be irreparably harmed without preliminary injunctive relief.

C. **The balance of hardships on the respective parties favors issuance of injunctive relief.**

Equities in the case of trademark infringement favor granting preliminary injunctive relief. *See generally S&R Corp.*, 968 F.2d at 379; *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983); *Pappan Enters., Inc. v. Hardee's Food Sys., Inc*, 143 F.3d 800, 807 (3d Cir. 1998). "In evaluating the balance of hardships a court must consider the impact granting or denying a motion for preliminary injunction will have on the respective enterprises." *Int'l Jensen*, 4 F.3d at 827 (citing *Sardi's Restaurant Corp. v. Sardie*, 755 F.2d 719, 726 (9th Cir. 1985).

In this case, there is no harm (let alone any irreparable harm) to Defendants if the Court preliminarily enjoins Defendants' continued infringement of the Marks. On the other hand, TONI&GUY will continue to suffer irreparable harm (as explained in detail above) if a preliminary injunction is not issued. The balance of the equities sharply favors TONI&GUY, and the Court should enjoin Defendants' continued use of the Marks.

D. **The Court should exercise its discretion and grant TONI&GUY injunctive relief without the entry of a bond.**

Finally, the Court should exercise its discretion under Rule 65(c) and determine that TONI&GUY is not required to post a bond because there is no proof of likelihood of harm to Defendants (other than the cessation of their infringing activities), and there is no material risk that TONI&GUY would be unable to satisfy any damages that might ultimately be found to be

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 15

No. CV9-501MJP
M40326-1187618_2

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

due to Defendants as a result of the injunctive relief.  13 MOORE'S FEDERAL PRACTICE 65.52 (3rd ed. 2008).

## IV.  PRAYER FOR RELIEF

WHEREFORE, MBL/TONI&GUY Products, L.P. and TONI&GUY Hairdressing Academy Franchise, L.P. respectfully request this Court to enter a preliminary injunction:

a. Preliminarily restraining and enjoining Defendants, their agents, servants, employees, and attorneys, and all those who act in concert or participation with them, from (i) using TONI&GUY®, TONI&GUY HAIRDRESSING®, or TONI&GUY HAIRDRESSING ACADEMY®, or any other name or marks confusingly similar to the Marks, and (ii) marketing, promoting, or selling services at the Infringing Location or at any other location using the Marks or promoting any goods or services related to the Marks;

b. Ordering Defendants to deliver to TONI&GUY for destruction any and all labels, signs, prints, packages, wrappers, products, receptacles, advertisements and any other materials bearing TONI&GUY®, TONI&GUY HAIRDRESSING®, or TONI&GUY HAIRDRESSING ACADEMY® as a trade name or trademark;

c. Ordering Defendants to notify promptly the appropriate telephone company and all telephone directory listing agencies and to authorize the transfer of the number currently being used by Toni & Guy Hairdressing Academy, Inc. to TONI&GUY;

d. Ordering Defendants to notify promptly the Corporations Division of the State of Washington Secretary of State and the State of Washington Department of Licensing to cancel all registrations of Toni & Guy Hairdressing Academy, Inc.;

e. Ordering Defendants to notify promptly the City of Bellingham and cancel the business registration of Toni & Guy Hairdressing Academy, Inc.; and

f. Ordering that Defendants file with the Court and serve on TONI&GUY within five (5) days after the issuance of any injunction, a report in writing and under

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 16

No. CV9-501MJP
M40326-1187618_2

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

oath setting forth in detail the manner and form with which they have complied with the injunction.

MBL/TONI&GUY Products, L.P. and TONI&GUY Hairdressing Academy Franchise, LP further request an award of their reasonable expenses, including attorneys' fees, incurred in connection with the preparation, filing and prosecution of this Motion for Preliminary Injunction. Finally, MBL/TONI&GUY Products, L.P. and TONI&GUY Hairdressing Academy Franchise, LP request any such other and further relief, in law and in equity, as this Court shall deem just and proper.

DATED this 16th day of April 2009.

**GRAHAM & DUNN PC**

By  s/ David M. Byers
David M. Byers, WSBA# 29228
Daniel J. Oates, WSBA# 39334
2801 Alaskan Way, Suite 300
Seattle, WA  98121-1128
Phone: (206) 624-8300
Fax: (206) 340-9599
Email:  dbyers@grahamdunn.com,
doates@grahamdunn.com
Attorneys for Plaintiffs

and

**HAYNES AND BOONE, LLP**

Deborah S. Coldwell
 (*Admitted Pro hac vice*)
Altresha Q. Burchett-Williams
 (*Admitted Pro hac vice*)
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone:  (214) 651-5000
Fax:  (214) 651-5940
Email: deborah.coldwell@haynesboone.com,
altresha.burchett-williams@ haynesboone.com

PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION -- 17

No. CV9-501MJP

M40326-1187618_2

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599