UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MBL/TONI&GUY PRODUCTS, L.P. and TONI&GUY HAIRDRESSING ACADEMY FRANCHISE, LP,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL KENNARD, BETTY STOCK KENNARD; and TONI & GUY HAIRDRESSING ACADEMY, INC.,<br><br>Defendants. | Case No. C09-501MJP<br><br>ORDER ON PLAINTIFFS' MOTIONS FOR DEFAULT AND PRELIMINARY INJUNCTION |

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motion For Entry of Default Against Defendants Betty Stock Kennard and Toni and Guy Hairdressing Academy, Inc (Dkt. No. 16)

2. Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 10)

3. Sworn Affidavit of Defendant, Michael Kennard (Dkt. No. 18)

4. Plaintiffs' Reply to Sworn Affidavit of Defendant, Michael Kennard (Dkt. No. 20)

5. Sworn Affidavit of Betty Stock Kennard (Dkt. No. 21)

all exhibits and declarations attached thereto, makes the following rulings:

IT IS ORDERED that Plaintiffs' motion to enter default against Defendant Toni & Guy Hairdressing Academy, Inc. is GRANTED.

ORDER ON MTNS
FOR DEFAULT
AND PRELIM INJ- 1

IT IS ORDERED that Plaintiffs' motion to enter default against Defendant Betty Stock Kennard is DENIED.

IT IS ORDERED that Defendants are ENJOINED from using the Toni & Guy mark pending resolution of this lawsuit and that Defendants remove from public view all local signage that bears this mark and transfer to Plaintiffs the telephone number under the Toni & Guy Yellow Pages listing; this must be accomplished within three days of receipt of this order.

IT IS FURTHER ORDERED that Plaintiffs' motion to require Defendants to deliver all materials bearing the Toni & Guy mark to Plaintiffs for destruction, cancel Defendants' state and city licenses, and deliver a written report within five days detailing Defendants' compliance is DENIED.

The reasons for the Court's decisions are discussed below.

**<u>Background</u>**

The following facts are uncontroverted and drawn from Plaintiffs' Motion for Preliminary Injunction. Dkt. No. 10. Plaintiffs are international companies which operate over 200 hairdressing salons and academies under their "Toni&Guy" brand including an academy in Bellingham, Washington. Defendants own and operate Bellingham Beauty School in Bellingham, Washington. Upon learning of the possibility of the opening of an authorized Toni&Guy franchise in Bellingham, Defendants registered "Toni & Guy Hairdressing Academy, Inc." as a for-profit corporation with the State of Washington in November, 2007. Defendants' Toni & Guy Hairdressing Academy, Inc. then obtained a business license with the City of Bellingham and State of Washington and a listing in the Yellow Pages for a telephone number which is never answered. These advertisements and business registrations list 203 W. Holly Street, Suite 206, Bellingham Washington as the

location of the academy.  This location is an office suite which bears "Toni & Guy Hairdressing Academy" signs but remains empty with locked doors.

      An authorized Toni&Guy Hairdressing Academy opened in Bellingham in November 2008.  Sometime before March 2009, Plaintiffs learned of Defendants' use of the "Toni & Guy" name.  On April 14, 2009, Plaintiffs filed a complaint alleging violations of sections 32 of the Lanham Act (15 U.S.C. § 1114), 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and Washington's Consumer Protection Act.  Dkt. No. 1.

      Following the filing of the complaint in this matter, the only timely answer was submitted by Defendant Michael Kennard.  Dkt. No. 15.  Plaintiffs thereafter moved for an order of default against Defendants Betty Stock Kennard and Toni & Guy Hairdressing Academy, Inc. (Dkt. No. 16), and the Court issued an order to show cause to the remaining Defendants as to why default should not issue against them.  Betty Stock Kennard filed an "Answer and Sworn Affidavit" (Dkt. No. 21) on May 18, 2009; no response was ever received from the corporate defendant.

      On April 16, 2009, Plaintiffs moved for a preliminary injunction, requesting that Defendants be enjoined from using the Toni & Guy mark and that Defendants remove from public view all local signage that bears this mark, transfer to Plaintiffs the telephone number listed for "Toni & Guy" in the Yellow Pages, deliver all materials bearing the Toni & Guy mark to Plaintiffs for destruction, cancel Defendants' state and city licenses, and deliver a written report within five days detailing Defendants' compliance.  Dkt. No. 10.  In response to Plaintiffs' motion, Defendant Michael Kennard filed an affidavit in which he alleged a number of facts but provided no substantive response to the motion for preliminary injunction.  Dkt. No. 18.

**Motion for default**

Plaintiffs have provided proof that corporate Defendant Toni & Guy Hairdressing Academy, Inc. has been properly served in this lawsuit. Dkt. No. 13. The record reflects that no appearance has been made on behalf of the corporate defendant, no answer to the complaint has been filed on its behalf, and no response to the Court's Order to Show Cause has been submitted. The Court will enter an order of default against Defendant Toni & Guy Hairdressing Academy, Inc.

The Court finds that Defendant Betty Stock Kennard's "Answer & Sworn Affidavit" is sufficient to establish that she has appeared and answered in this matter. Plaintiffs' objections to the pleading treat the document as a response to their motion for preliminary injunction; the Court does not view it as responsive to the preliminary injunction request and did not consider it in the context of that motion. Plaintiffs' further objection (that the affidavit should be stricken because it is unsigned) is not well-taken – the document's use of "/s" on the signature line is sufficient for purposes of an electronically-filed document.

Based on Defendant Betty Stock Kennard's appearance and answer, the Court denies Plaintiffs' request for an order of default against her.

**Standard of proof for injunctive relief**

Federal district courts are authorized to issue preliminary injunctions pursuant to FRCP 65(a). A grant of preliminary injunctive relief should issue when the moving party has demonstrated either a likelihood of "probable success on the merits and irreparable injury," or else has raised "serious questions" regarding the merits of the case and shown that the "balance of hardships tips sharply in his favor." Sardi's Rest. Corp. v. Sardie, 755 F.2d 719, 723 (9th Cir. 1985). Plaintiffs must meet one of these two standards to obtain injunctive relief. Id.

**Discussion**

I. <u>Likelihood of success on the merits/irreparable injury</u>

    A.    A violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) requires a showing that:

        1.    The marks are valid and legally protectable; and

        2.    Defendants' use of the marks to identify goods and services is likely to create confusion concerning the origin of the goods or services.

<u>Cairns v. Franklin Mint Co.</u>, 292 F.3d 1139, 1149.

    Plaintiffs registered each of the marks at issue with the Principal Register of the US Patent and Trademark Office. These registrations are prima facie evidence that Plaintiffs have an exclusive right to use the marks (15 U.S.C. § 1114), and Defendants do not challenge them.

    To assess the likelihood of confusion, Ninth Circuit courts consider a set of factors which include: (1) the strength of the senior mark; (2) proximity of the services provided by the parties under their respective marks; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) the type of services and the degree of care likely to be exercised by purchasers; (7) Defendant's intent in selecting the mark; and (8) the likelihood of expansion of the services. <u>AMF Inc. v. Sleekcraft Boats</u>, 559 F.2d 341, 348-49 (9th Cir. 1979). The Court considers that the services provided by the authorized franchise and by Defendants are identical, Plaintiffs' marks and the marks Defendants use are identical, and Defendants employ the same marketing channels in the same city as Plaintiffs (the Yellow Pages and location signage). As noted <u>supra</u>, Defendants do not respond to this argument. The Court finds that Plaintiffs have established a high likelihood of confusion and will likely prevail on the merits of the Section 32 of the Lanham Act claim.

B.  A claimed violation of section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) requires a showing that:

1. Defendant has made false or misleading statements as to their own product or the product of another;

2. There is actual deception or at least a tendency to deceive a substantial portion of the intended audience;

3. The deception is material in that it is likely to influence purchasing decisions;

4. The trademark infringement has a substantial economic effect upon interstate use by a mark's owner; and

5. There is likelihood of injury, including declining sales and a loss of goodwill.

Cook Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 244 (9th Cir. 1990).

Despite Defendants' advertisements in the Yellow Pages, signs at the location, and business licenses using the Toni & Guy mark, Defendants are not operating an academy from the location nor answering the listed telephone number. Plaintiffs' allegations establish a likelihood of confusion on the part of potential customers, and the marks at issue will influence purchasing decisions resulting in a decline of sales and goodwill. However, Plaintiffs have not alleged that Defendants have made false or misleading statements regarding Plaintiffs' products or their own. On that basis, the Court finds that Plaintiffs are unlikely to prevail on the merits of this claim.

C.  To prevail on an unfair competition claim under Washington's Consumer Protection Act requires a showing that:

1. Defendant's engaged in an unfair or deceptive act or practice;

2. In trade or commerce;

3. Which affects the public interest;

4. Injury to the Plaintiff's business or property; and

5. A causal link between the unfair practice and the injury.

Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784-85 (1986).

As the Washington Supreme Court has stated, trademark infringement is a form of unfair competition because the likelihood of confusion among consumers is sufficient to satisfy the public interest test. Nordstrom v. Tampourlos, 107 Wn.2d 735, 742-43 (1987). Plaintiffs persuasively claim injury to goodwill and reputation of their brand as well as lost customers based on consumers mistakenly believing that "Toni & Guy Hairdressing Academy, Inc." is an official enterprise of Plaintiffs. Plaintiffs further claim this harm is exacerbated by Defendants' competing beauty school. As noted supra, Defendants do not respond to this argument. The Court finds that Plaintiffs will likely succeed on the merits of this claim.

D. The Court finds that Plaintiffs have also established a likelihood that they can demonstrate damages amounting to irreparable injury. Although the harm that Defendants have caused to Plaintiffs is indeterminable, Ninth Circuit Courts recognize trademark infringement as an irreparable harm to the trademark owner's goodwill and business reputation because of the public's association of its mark with non-identical goods and services. El Pollo Loco, Inc. V. Hashim, 316 F.3d 1032, 1038 (9th Cir. 2003). In addition, in the Ninth Circuit, a threat of consumer confusion as to the source or origin based on trademark infringement creates a presumption of irreparable harm. Vision Sports, Inc. v. Mellville Corp., 888 F.2d 609, 612 (9th cir. 1989). Plaintiffs have demonstrated they have developed their marks through the expenditure of considerable time, skill, labor, and expense over several decades and that the harm is particularly severe in light of Plaintiffs' franchise system. The Court finds that these harms are not likely to be reducible to a dollar amount.

II.     Serious question/balance of hardships

In the realm of trademark infringement, courts have found an overarching issue of public policy. "Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d. Cir. 1998). The Court finds that Plaintiffs have succeeded in satisfying the "serious question" inquiry.

The Court next turns to whether the balance of hardships tips in favor of one side or another and finds that the "balance of hardship" test tips sharply in Plaintiffs' favor. Plaintiffs have produced evidence that Defendants' activities are having an ongoing detrimental effect in the areas of consumer goodwill, reputation, and profit for its brand and local franchise. In contrast, there is no harm to Defendants if the Court preliminarily enjoins Defendants' continued infringement of the marks, since it does not appear that Defendants are actually operating a business under the challenged name. Dkt. No. 18, p. 19.

**Conclusion**

The Court finds that corporate defendant Toni & Guy Hairdressing Academy has not appeared or answered in this matter. The Court grants Plaintiffs' request for an order of default against Defendant Toni & Guy Hairdressing Academy, Inc. The Court also finds that Defendant Betty Stock Kennard's "Answer & Sworn Affidavit" is sufficient to establish that she has appeared and answered in this matter. The Court denies Plaintiffs' request for an order of default against Defendant Betty Stock Kennard.

The court finds that Plaintiffs have demonstrated a likelihood of success on the merits of some of its claims and that Plaintiffs stand to be irreparably injured if Defendants are not enjoined from using the Toni & Guy mark. The Court also finds that Plaintiffs have raised a

serious question concerning public policy and that the balance of hardships scale tips in Plaintiffs' favor. Plaintiffs' prayer for relief includes enjoining Defendants from using the marks, removing local signage, and transferring the telephone number listed in the Yellow Pages to Plaintiffs. These actions would reasonably prevent further harm by removing the infringing marks from the public sphere. These actions should be accomplished within three days of the receipt of this order. However, Plaintiffs' requests that Defendants deliver all materials bearing the mark to Plaintiffs for destruction, cancel Defendants' state and city licenses, and deliver a written report within five days detailing Defendants' compliance are denied pending the final resolution of Plaintiffs' litigation.

The Clerk is directed to send a copy of this order to Defendants and to all counsel of record.

DATED this 29th day of June, 2009.

*signature*

Marsha J. Pechman
United States District Judge

ORDER ON MTNS
FOR DEFAULT
AND PRELIM INJ- 9